IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARIEL BANDA and TERESSA DELGADO VELASQUEZ, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No: _____ |
| TRANSPORTES SERBICAR SA DE CV, LUIS ENRIQUE SANDOVAL MARTINEZ, and ENRIQUE A. SALCEDO SERRANO, | § § § § § § | |
| Defendants. | § § | |

**<u>DEFENDANT TRANSPORTES SERBICAR SA DE CV'S NOTICE OF REMOVAL</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** TRANSPORTES SERBICAR SA DE CV, a Defendant in the above-entitled and captioned cause and files its Notice of Removal pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction, and in support of this removal, would respectfully show the Court as follows:

**I.**
**FACTUAL BACKGROUND**

1. This case arises out of a motor vehicle accident that occurred on or about November 15, 2019. *See* Pl.'s Orig. Pet. at IV (attached as "Exhibit B"). This lawsuit was originally filed on October 12, 2021 under Cause No. 2021DCV3592, and styled *Ariel Banda and Teressa Delgado Velazquez v. Transportes Serbicar SA de CV, Luis Enrique Sandoval Martinez, and Enrique A. Salcido Serrano* in the County Court at Law Number Seven of El Paso County, Texas (hereinafter the "State Court Action").

2. A true and correct copy of the docket sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in the State Court Action are being attached to this Notice as "Exhibit B."

3. Plaintiffs assert Texas state law claims for of negligence against Defendant Enrique A. Salcedo Serrano (hereinafter "Serrano") and vicarious claims of negligence against Defendant Transportes Serbicar (hereinafter "Transportes Serbicar") and Defendant Luis Enrique Sandoval Martinez (hereinafter "Martinez"). *See* Pl.'s Orig. Pet. at ¶ 10-17.

4. Plaintiffs seek damages for past and future: medical expenses, pain and suffering, mental anguish, lost wages/loss of earning capacity, impairment, property damage, and loss of use of a vehicle in amount "over $250,0000.00." *Id.* at ¶ 1

## II.
### REMOVAL EXHIBITS

5. The following documents are attached to this Notice as exhibits:

**Ex. A:** State Court Docket Sheet

**Ex. B:** Entire State Court File

**Ex. C:** Plaintiff Ariel Banda's Responses to Defendant's Requests for Admission

**Ex. D:** Plaintiff Teressa Delgado Velazquez's Responses to Defendant's Requests for Admission

## III.
### BASIS FOR REMOVAL

6. This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place

where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

7. Diversity of citizenship is determined at the time that the plaintiff filed the lawsuit and at the time of removal. *Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cit. 1996). Plaintiffs were Texas citizens at the time that they filed this lawsuit and currently are Texas citizens. *See* Ex. C-D. In addition, Plaintiffs admit that they lived in Texas at the time the lawsuit was filed and currently live in Texas, that they intend to return to Texas when they are away, that they had a Texas driver's license of identification card at the time that the filed this lawsuit and currently, that they are currently employed in Texas, and that they are currently registered to vote in Texas. *Id.*

8. On the contrary, Defendant Transportes Serbicar is not a citizen of Texas. Instead, Defendant Transportes Serbicar is a citizen of Mexico. *See* Pl.'s Orig. Pet. at ¶ 5 (alleging that Defendant Transportes Serbicar "is a registered for-profit company based in Mexico").

9. Similarly, Defendant Martinez and Defendant Serrano, who have not yet entered appearances in this lawsuit, are also citizens of Mexico.

10. Thus, Plaintiffs and Defendants are completely diverse.

11. Further, Plaintiffs seek "over $250,000" in damages, an amount over the $75,000.00 threshold under 28 U.S.C. 1332(a). *See* Ex. B, Pl.'s Orig. Pet. at ¶ 1 . Accordingly, the amount in controversy requirement of 28 U.S.C. 1332(a) is also satisfied.

12. Therefore, because Plaintiffs and Defendants are completely diverse, and because Plaintiffs seek damages in an amount over $75,000.00, this Honorable Court has jurisdiction over Plaintiffs' claims and causes of action.

16872-104/CMUN/1670813

# III.
## REMOVAL PROCEDURE AND TIMELINESS

13. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*

14. Plaintiffs filed the State Court Action on October 12, 2021. Ex. B, Pl.'s Orig. Pet. However, Plaintiffs' Original Petition merely alleged that Plaintiffs were "resident[s] of Texas," rather than citizens of Texas. *Id.* at ¶ 2-3.

15. The difference between citizenship and residency is a frequent source of confusion. *See Midcap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019). For individuals, "citizenship has the same meaning as domicile," and "the place of residence is *prima facie* the domicile." *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Nevertheless, "[c]itizenship and residence, as often declared by this court, are not synonymous terms." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Robertson v. Cease*, 97 U.S. 646, 648, 24 L. Ed. 1057 (1878)). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Texas v. Florida*, 306 U.S. 398, 424, 59 S. Ct. 563, 83 L. Ed. 817 (1939)). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Thus, this case was not removable until Plaintiffs' Responses to Requests for Admission were received.

16872-104/CMUN/1670813

16. Defendant Transportes Serbicar served Plaintiffs with Requests for Admission for the sole purpose of determining Plaintiffs' *citizenship* on January 19, 2022. Plaintiffs served their Responses to Defendant Transportes Serbicar's Requests for Admission on February 17, 2022. *See* Ex. C-D. It was on this date that for, the first time, it was ascertainable that Plaintiffs were/are citizens of Texas. *Id.* Accordingly, because less than thirty (30) days have passed since this date, Defendant Transportes Serbicar's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

17. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as El Paso is the District and Division where the State Court Action is pending.

18. Pursuant to 28. U.S.C. § 1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

## IV.
### JURY DEMAND

19. Defendant Transportes Serbicar asked for a state court jury trial and asks for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Transportes Serbicar prays that this matter be placed on the Court's docket and for any other and further relief to which it may be justly entitled at law or in equity.

16872-104/CMUN/1670813

Respectfully submitted,

**MOUNCE, GREEN, MYERS
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: mundell@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant Transportes Serbicar
SA de CV

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on the 21 day of February, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Benedict James, Esq., benedict.james@sj-lawfirm.com, Katherine "Katy" Thompson, Esq., katy.thompson@sj-lawfirm.com, and Esteban Sandoval, Esq., esteban.sandoval@sj-lawfirm.com, 4807 Spicewood Springs, Rd., Bldg. 2, Ste. 100, Austin, Texas 78759.

_____
**Cal Mundell**

6